**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| GREGORY T. HENSELER,<br>        Plaintiff,<br><br>v.<br><br>COOK CANTON, LLC, an Indiana<br>limited liability company,<br>        Defendant. | Case No. 1:18-cv-01363-JES-JEH |

**Order**

Now before the Court is Plaintiff Gregory T. Henseler's Motion to Strike Affirmative Defenses Pursuant to Rule 12(f) (Doc. 14) and Defendant Cook Canton, LLC's Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Doc. 18).  For the reasons set forth below, the Plaintiff's Motion to Strike is DENIED.

**I**

On October 4, 2018 the Plaintiff filed his Complaint and Jury Demand (Doc. 1) against Defendant Cook Canton, LLC (Cook Canton).  He alleges he was employed for nearly seven years as an hourly employee/hubber, assembler, and supervisor in the hubbing department at the Defendant's plant in Canton, Illinois. He further alleges he was terminated by the Defendant based upon his sex and his religious beliefs in violation of 42 U.S.C. § 2000e-2.  On November 6, 2018, the Defendant filed its Answer to Plaintiff's Complaint (Doc. 9), included fifteen affirmative defenses, and reserved the right to supplement and amend its affirmative defenses (number affirmative defense 16.).

1

In the instant Motion to Strike, the Plaintiff argues each of Cook Canton's affirmative defenses are wholly conclusory, either in a factual or legal context, and they simply fail to provide a statement explaining the defense and, at times, how the purported defense is even applicable to the cause at hand. The Defendant argues that it is the Plaintiff who presents barebone and undeveloped arguments such that his motion must be denied.

## II

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases). Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hofmann v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

The Plaintiff's Motion *itself* lacks specificity regarding which affirmative defenses should be stricken as inapplicable and which ones fail to provide a statement explaining the defense. The Plaintiff raised very clear claims in his Complaint and the Defendant's Affirmative Defenses are just as clear. The purpose of Federal Rule of Civil Procedure 8(c) is simply "to give the opposing party notice of the affirmative defense and a chance to rebut it." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). The Plaintiff has not established that any prejudice would befall him if the Defendant's affirmative defenses are allowed at this time. As pointed out by the Defendant, three of its affirmative defenses are

"[s]ubject to reasonable opportunity for investigation and discovery." Dft's Answer (Doc. 9 at pg. 15). Discovery, which only recently commenced, will likely lessen the Plaintiff's concerns over all of the affirmative defenses' alleged insufficiency.

### III

For the reasons set forth above, the Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Rule 12(f) (Doc. 14) is DENIED.

*It is so ordered.*

Entered on December 12, 2018.

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE